986 F.2d 1413
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gerald GARNER, Priest, Plaintiff-Appellant,
v.
Steve DUNBAR; Jim Roberts; Jim Siemers; Julie Armstrong,
Defendants-Appellees.
 No. 92-7125.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 3, 1993
Decided: February 26, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. G. Ross Anderson, Jr., District Judge. (CA-92-2620-4-3BD)
 Gerald Garner, Appellant Pro Se.
 D.S.C.
 VACATED AND REMANDED.
 Before PHILLIPS and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Gerald Garner appeals the district court's order dismissing his action with prejudice. See Fed. R. Civ. Pro. 41(b) (dismissal that does not provide otherwise is "upon the merits"). Garner, styling his action as one under 42 U.S.C. § 1983 (1988), claimed that the police officers who arrested him violated his Fourth, Sixth, and Fourteenth Amendment rights by conspiring to arrest him for a crime he did not commit. The district court treated the action as one in habeas and dismissed the action with prejudice for failure to demonstrate exhaustion of state remedies.
 
 
 2
 Although the district court's treatment of the action as one in habeas and requiring exhaustion of state remedies was correct, see Hamlin v. Warren, 664 F.2d 29 (4th Cir.) (§ 1983 claim questioning validity of conviction subject to exhaustion requirement), cert. denied, 455 U.S. 911 (1982), the dismissal of the action with prejudice was inappropriate. Dismissals for failure to demonstrate exhaustion of state remedies should be without prejudice so that petitioners are able to refile once exhaustion can be shown. Greene v. Meese, 875 F.2d 639, 640 (7th Cir. 1989). In addition, because Garner requested damages, the district court should determine whether his action should be held in abeyance, rather than dismissed, to protect Garner from the expiration of the statute of limitations. Hamlin v. Warren, 664 F.2d at 32.
 
 
 3
 Accordingly, we vacate the district court's decision and remand the case to enable the district court to determine whether the case should be dismissed without prejudice or placed in abeyance pending proof of exhaustion of state remedies. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED